UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANESSA JORDAN-ROWELL,

                 Plaintiff,

       -against-

WELLS FARGO,

                 Defendant.

19-CV-0370 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction. Plaintiff sues Wells Fargo, a national bank. She has paid the relevant fees to bring this action and she seeks one billion dollars in damages.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the relevant fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted emphasis in original).

---

[1] Plaintiff has consented to electronic service of Court documents. (ECF No. 2.)

**BACKGROUND**

Plaintiff alleges that on January 4, 2019, she opened accounts at a Wells Fargo branch office in Manhattan. One month later, someone stole Plaintiff's Wells Fargo debit card. She states that an unidentified person used a smartphone application to deposit a total of $800.00 into her accounts. She also claims that on January 18, 2019, she received an email from Wells Fargo informing her that it was closing her accounts and mailing her a check for the amount of money in her accounts when Wells Fargo closes them.

In addition to her complaint, Plaintiff has filed additional documents, which the Court construes as supplements to the complaint. (ECF Nos. 3-6.) Attached to these documents are bank and identity protection service records. One of the supplements includes a copy of a letter from Wells Fargo to Plaintiff in which Wells Fargo informs Plaintiff that it will be closing Plaintiff's accounts by January 18, 2019, "because one or more checks deposited to or cashed against [Plaintiff's] account [is] suspected to be counterfeit." (ECF No. 4, at 5.)

**DISCUSSION**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court's subject matter jurisdiction is available only when a "federal question" is presented or, if the plaintiff asserts only state-law claims under the Court's diversity jurisdiction, when the plaintiff and the defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir.

1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG*, 526 U.S. at 583 ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal question jurisdiction, without any facts demonstrating a federal-law claim, does not create federal question jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Plaintiff has failed to allege any facts showing why her claims fall under federal law and thus, the Court's federal question jurisdiction.[2]

But the Court can construe Plaintiff's complaint as asserting claims under state law under the Court's diversity jurisdiction. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that she and the defendant are citizens of different states. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006). The sum claimed by the plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). It is

---

[2] Wells Fargo's status as a national bank does not make every claim brought against it eligible for the Court's consideration under the Court's federal question jurisdiction. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 309-11 (2006).

3

the Court's duty, however, to dismiss an action where it is "convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the [minimum statutory jurisdictional amount.]" *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (quoting *Deutsch v. Hewes St. Realty Corp.*, 359 F.2d 96, 98 (2d Cir. 1966)) (alteration in original, internal quotation marks omitted).

Plaintiff alleges that she is a citizen of New York State. Wells Fargo, a national bank, is likely a citizen of South Dakota for diversity purposes. *Wells Fargo Bank, N.A. v. Konover*, 3:05-CV-1924, 2009 WL 2710229, at *2, 4 (D. Conn. Aug. 21, 2009), *aff'd*, 630 F. App'x 46 (2d Cir. 2015) (summary order). Thus the parties appear to be diverse. But it is unclear whether Plaintiff has satisfied the jurisdictional amount for diversity jurisdiction. This is because Plaintiff seeks one billion dollars in damages arising from a dispute with Wells Fargo in which Wells Fargo allegedly closed Plaintiff's accounts and returned her money because someone else apparently deposited a counterfeit check in the amount of $800.00 in one or more of her accounts. The Court therefore grants Plaintiff leave to amend her complaint to allege sufficient facts to show that the Court has diversity jurisdiction to consider her claims. Plaintiff must show that she and the defendant are citizens of different states and that the amount in controversy exceeds the sum or value of $75,000.00, the jurisdictional amount for the Court's diversity jurisdiction.

## CONCLUSION

The Court directs the Clerk of Court to assign this matter to my docket and note service on the docket. The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above.[3] Plaintiff must submit the amended complaint to this Court's Pro

---

[3] Under Rule 5.2(a) of the Federal Rules of Civil Procedure, when a plaintiff includes certain information in her Court submission, she must do so in a redacted manner. For example, when a plaintiff mentions a financial account number in a Court submission, she must only mention the last four digits of that account number. Fed. R. Civ. P. 5.2(a)(4). A litigant who does

4

Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-0370 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: April 19, 2019
       New York, New York

                                                COLLEEN McMAHON
                                            Chief United States District Judge

---

not redact their own financial account number in that manner waives the protection of Rule 5.2. *See* Fed. R. Civ. P. 5.2(h). Plaintiff's complaint and at least one of her complaint's supplements mention Plaintiff's financial and identify protection information, including at least one complete financial account number. Because Plaintiff is a *pro se* litigant, the Court has directed the Clerk of Court to limit electronic access to Plaintiff's submissions to a "case-participant only" basis. But the Court reminds Plaintiff to comply with Rule 5.2 when she prepares her amended complaint.