UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANESSA JORDAN-ROWELL,

              Plaintiff,

      -against-

WELLS FARGO,

              Defendant.

1:19-CV-0370 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

By order dated April 19, 2019, the Court granted Plaintiff, who appears *pro se* and has paid the relevant fees to bring this action, leave to file an amended complaint. On April 24, 2019, Plaintiff filed a letter in which she inquires why she cannot get electronic access to her previously filed submissions.[1] (ECF 8.) Five days later, she filed an amended complaint.[2] (ECF 9.) For the reasons discussed below, the Court dismisses this action.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the relevant fees, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh*

---

[1] In the April 19, 2019 order, the Court noted that it had directed the Clerk of Court to limit electronic access to Plaintiff's previously filed submissions to "a case-participant only" basis because Plaintiff had included financial and identity protection information, and at least one complete financial account number, in those submissions. (ECF 7, p. 4 n.3.) The Court also noted that Rule 5.2(a)(4) of the Federal Rules of Civil Procedure requires that a litigant's references in a Court submission to a financial account number must be only to the number's last four digits. (*Id.*) The Court reminded Plaintiff to comply with Rule 5.2 when preparing her amended complaint. This is most likely the reason that Plaintiff cannot get access to her submissions.

[2] Plaintiff's amended complaint does not comply with Rule 5.2(a)(4) because it reveals Plaintiff's and another entity's complete financial account numbers. For this reason, the Court has directed the Clerk of Court to limit electronic access to the amended complaint to a "case-participant only" basis as well.

*Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

In Plaintiff's original complaint, Plaintiff sued Wells Fargo, a national bank. Her claims in her original complaint arose from Wells Fargo's alleged closure of her Wells Fargo accounts on or about January 18, 2019. Plaintiff claimed that someone had previously stolen her Wells Fargo debit card. She also stated that Wells Fargo informed her that the reason that it was closing her Wells Fargo accounts – and returning to her the money that was in those accounts – was because someone had deposited or cashed at least one counterfeit check into one of her accounts.

While Plaintiff invoked the Court's federal question jurisdiction, in its April 19, 2019 order, the Court construed Plaintiff's claims as brought under state law under the Court's diversity jurisdiction. (ECF 7, p. 3.) The Court noted that the parties were likely diverse – that Plaintiff is a citizen of New York and Wells Fargo is probably a citizen of South Dakota. (*Id.* p. 4.) But it also noted that it was unclear from the original complaint whether Plaintiff had alleged sufficient facts to satisfy the jurisdictional amount in controversy for a diversity action – an amount in excess of the sum or value of $75,000. (*Id.*) That was because

> Plaintiff [sought, in her original complaint,] one billion dollars in damages arising from a dispute with Wells Fargo in which Wells Fargo allegedly closed Plaintiff's accounts and returned her money because someone else apparently deposited a counterfeit check in the amount of $800.00 in one or more of her accounts.

2

(*Id.*) The Court granted Plaintiff leave to file an amended complaint in which she alleged sufficient facts to show that the Court has diversity jurisdiction to consider her claims. The Court specified that Plaintiff had to "show that she and the defendant are citizens of different states and that the amount in controversy exceeds the sum or value of $75,000.00." (*Id.*)

In her amended complaint, Plaintiff again asserts claims against Wells Fargo under the Court's federal question jurisdiction. Her claims are similar to those that she asserted in her original complaint. She alleges that both she and Wells Fargo are citizens of New York, and that an unknown person deposited one or more checks in the amount of $800.00 into her Wells Fargo accounts without her knowledge. That person also opened two more Wells Fargo accounts in Plaintiff's name without her knowledge. On January 18, 2019, Wells Fargo informed Plaintiff that it was closing Plaintiff's Wells Fargo accounts and would be returning her money. Plaintiff states that she "would like to state relief of one billion dollars but as to my knowledge the highest amount to sue is for $75,000 . . . . I am willing to take any settlement that is offered." (*Id.* p. 6.)

## DISCUSSION

For the same reasons discussed in the Court's April 19, 2019 order, the Court construes Plaintiff's claims that she asserts in her amended complaint as brought under state law under the Court's diversity jurisdiction. (*See* ECF 7, p. 3.) But Plaintiff has failed to comply with that order – she has failed to show why the Court can consider her claims under its diversity jurisdiction.

Because Plaintiff alleges that both she and Wells Fargo are citizens of New York (ECF 9, p. 2-3), the parties are not diverse. And even if the parties were diverse, Plaintiff has failed to allege any facts showing that her claims satisfy the jurisdictional amount in controversy for a diversity action, an amount in excess of the sum or value of $75,000. *See* 28 U.S.C. § 1332(a)(1). The Court therefore dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

The Court directs the Clerk of Court to note service on the docket.[3] The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court also directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: September 27, 2019
       New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[3] Plaintiff has consented to electronic service of Court documents. (ECF 2.)